### CINCINNATI (CITY), ETC. V. ANNA M. JOHNSON.

RESOLUTION BY BOARD OF ADMINISTRATION OF CINCINNATI TO CONSTRUCT A SIDEWALK, TO BE VALID, MUST BE READ ON THREE SEPARATE DAYS.

Section 2328, Rev. Stat., by its various amendments gave successively to the board of public works of Cincinnati, the board of administration, and to the board of city affairs, the same right to provide by ordinance for the construction and repair of necessary sidewalks within the limit of the corporation as was given by the first part of that section to councils of other municipal corporations; and, if such board of administration orders by resolution the construction of a sidewalk, and such resolution is not read on three separate days as is required by sec. 1694, Rev. Stat., the whole proceeding is void.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that the same decree should be entered in this court as was entered in the court of common pleas.

Section 2328, Rev. Stat., by various amendments, gave successfully to the board of public works, the board of administration, and by the section as it now stands, to the board of city affairs of this city, in substantially the same language, the same right to provide by ordinance for the construction and repair of all necessary sidewalks within the limits of the corporation that was given by the first part of the section to councils of other municipal corporations, " provided, however " (in the language used), " that in cities of the first grade of the first class all duties and powers herein otherwise imposed on or conferred upon council in relation to sidewalks, or the construction or repair of the same, shall be exercised by the board of administration " (or of city affairs) " of any such city, and it shall not be necessary to have the action or concurrence of council in any of such proceedings."

This action is to recover an assessment made by the board of administration on the property of the defendant, for a sidewalk which was ordered by said board to be constructed, and which, on the failure of the owner to comply with the order, was constructed by the contractor under the order of the city, and then an assessment levied upon the property to pay the cost thereof, and this assessment transferred to the contractor.

The answer of the defendant, in effect, first, denies that there was any legal or valid assessment against her property for such sidewalk; and, second, it avers that before and up to the time that the plaintiff claims to have constructed said sidewalk, she herself had constructed and maintained said sidewalk in front of her said property, as ordered by the board of administration of said city and its predecessors in office.

The principal contention of the defendant, as we understand, is that the resolution of the board of administration ordering this improvement was not read on three different days by the board, nor were the rules requiring this to be done suspended, but it was passed on one reading; that by the statute of the state the council of any municipal corporation which has authority in the construction of sidewalks, must pursue this course, and therefore that the board of administration, which in this city

City of Cincinnati v. Johnson.

has the same jurisdiction and power and must perform the same duties, must in the passage of the resolution act in the same way and as it was not done, that the decision of the Supreme Court in the case of Campbell v. Cincinnati, 49 O. S., 463, is decisive of this case.

We think this claim is well founded. Section 1694, Rev. Stat., certainly made it the duty of all councils having jurisdiction of matters of this kind to pursue this course. It is so mandatory in its requirements that if not complied with, the whole proceedings are void, as is held in the case above referred to. Section 2328, Rev. Stat., before mentioned, expressly provides that " all duties and powers herein otherwise imposed or conferred upon councils in relation to sidewalks or the construction or repair of the same, shall be exercised by the board of administration," etc. If it was the duty of council to so act, why was it not the duty of the board also? The same reason would seem to require it in the one case as in the other. It is for the protection of the citizens against hasty and ill-advised legislation.

But it is argued by counsel for the city that the statute in regard to the board of city affairs points out the mode in which its business is to be transacted, and that there is nothing in the statute which requires the reading of any such resolution or ordinance more than once, or makes any provision for a suspension of the rules. It is true that as to the board of city affairs now in existence, there are two sections, Nos. 2208 and 2209, which make some provision as to the manner in which the duties of such board shall be performed. For instance, sec. 2208, Rev. Stat., provides that the board shall hold daily meetings, and that three members shall constitute a quorum for the transaction of business; that the ayes and nays shall be called and entered upon a journal upon the passage of every resolution or order of any kind, and that no resolution or order shall be adopted unless three votes are recorded in its favor; while sec. 2209, Rev. Stat., provides that the board shall keep a complete record of its proceedings. So far as we can see, those provisions were not in force as to the board of administration, but if they were, we think that they only state additional requirements to be followed by the board, and do not in any way change the duty imposed upon it by the other statutes.

As before stated the claim is made in the answer that at the time this work was done by the city, defendant had a sidewalk in front of her premises, built by her in compliance with the order of the board of administration or its predecessor. We recall no evidence offered on this point. and place the decision of the case on the ground before stated.

*H. K. Rodgers*, for the city.

*Frank M. Coppock, contra.*